# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOEL FLORIANO-MARTINEZ,<br><br>    Defendant/Movant. | Case No. 2:12-CR-0246-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct a Sentence (#38). Having reviewed the motion and finding that it is clearly time barred, the Court must deny the motion. Further, even if the motion was not untimely, the Court would deny it on the merits.

Movant pled guilty to counts of possession of a controlled substance with intent to distribute and illegal re-entry of a deported alien on September 11, 2012. He was sentenced on January 30, 2013 and Judgment was entered the same day. Plaintiff did not appeal his conviction or sentence.

Section 2255 imposes a one-year statute of limitations on a section 2255 motion. 28 U.S.C. § 2255(f). The limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Thus, Movant was required to file the present motion no later than February 1, 2014. However, he did not file the present motion until April 13, 2016. Therefore, his motion is untimely

and is denied. Furthermore, the Court finds that the motions, files and records of the case conclusively show that Movant is entitled to no relief. See United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994)(quoting 28 U.S.C. § 2255). Further, Movant has failed to identify any "extraordinary circumstances beyond [his] control that made it impossible for [him] to file [his] motion within the appropriate time period." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).

Essentially, Plaintiff argues that pursuant to California Penal Code § 1170.18, his attorney should have moved to have a prior California state court conviction reduced to a misdemeanor, before his change of plea and sentencing. Plaintiff argues that this would have resulted in him being able to remain the United States. However, the California statute requires that he had been in custody for the prior felony conviction on November 5, 2014. He was not in custody for his 1991 conviction when he was sentenced in this action on January 30, 2013. Therefore, he is not entitled to relief.

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#38) is **DENIED**.

DATED this 27th day of January 2017.

_____
Kent J. Dawson
United States District Judge

2