# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL FLORIANO-MARTINEZ,

    Defendant.

Case No. 2:12-CR–00246-KJD-GWF

**ORDER**

    Presently before the Court is Defendant's Motions for Revocation of Supervised Release (#37/40). The Government filed a response in opposition (#45) to which Defendant replied (#46).

    Defendant was adjudicated guilty of illegal reentry on January 30, 2013. He was sentenced to thirty-three (33) months custody and five years supervised release. See Doc. No. 27. On or about September 6, 2014, Defendant was released from custody and subsequently deported. On or about May 8, 2015, Martinez was arrested again for illegal reentry. On August 26, 2015, an arrest warrant was issued by the Court for Defendant's violation of the terms and conditions of his supervised release, based on his 2015 illegal reentry.

    Defendant seeks execution of the arrest warrant and hearing on the revocation of his supervised release imposed in this action. However, a Defendant has no liberty interest in execution, hearing and possible sentencing in this action until he is in custody based on execution of the warrant

in this case. See Moody v. Daggett, 429 U.S. 78 (1976); United States v. Romero, 511 F.3d 1281 (10th Cir. 2008). Delay in supervised release proceedings while Defendant is in custody in another federal district on other charges or sentence is usually reasonable. See United States v. Morales-Isabarras, 745 F.3d 398, 403 (9th Cir. 2014); United States v. Madden, 515 F.3d 601, 608 (6th Cir. 2008). Here, Plaintiff has not shown any delay is unreasonable. Further, he has shown no compelling reason to expedite revocation proceedings, other than his personal convenience.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motions for Revocation of Supervised Release (#37/40) are **DENIED**.

DATED this 18th day of April 2017.

_____
Kent J. Dawson
United States District Judge